MAGER, Justice
(dissenting):
I must respectfully dissent inasmuch as petitioner has not demonstrated that the circuit court departed from the essential requirements of the law.
A probation revocation hearing was held before the criminal court of record. A review of the record reflects that the testimony adduced before the trial court was conflicting. The trial court exercised its function by evaluating the probative force of the conflicting testimony finding that the petitioner violated the terms and conditions of his probation. An appeal was taken to the circuit court which affirmed the decision of the criminal court of record.
It is not the function of a writ of certio-rari to review and resolve conflicting evidence; nor will the reviewing court determine the sufficiency of the evidence if there was some evidence to support the judgment complained of “since to do so would confound the supervisory power of the reviewing court with its appellate jurisdiction”. 5 Fla.Jur. Certiorari, Sec. 29, pp. 523-524.
The record clearly reflects the existence of some evidence to support the probation revocation order entered by the criminal court of record and approved by the circuit court; the record does not, in my opinion, reflect such an absence of evidence to amount to a departure from the essential requirements of the law.
Accordingly, certiorari should be denied. I would, by way of caveat, suggest that the Florida Probation and Parole Commission adopt a more precise method by which written conditions of probation recommended by the commission and approved by the court may otherwise be modified; the oral waiver or modification is a most undesirable procedure which only invites uncertainty and conflict.